IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBRA JOHNSON<br>25 East Chestnut Street, Apt. 1<br>East Orange, NJ 07018<br><br>Plaintiff,<br><br>v.<br><br>D.F. KING & CO., INC.<br>48 Wall Street, 22nd Floor<br>New York, NY 10005<br>and<br>GARY VANCE THOMAS<br>25 East Chestnut Street, Apt. 2<br>East Orange, NJ 07018<br><br>Defendant. | DOCKET NO. 07-3829<br><br>CIVIL ACTION<br><br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff, Debra Johnson, (hereinafter referred as "Plaintiff"), by and through her undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress sexual harassment and other violations of Title VII of the Civil Rights Act of 1964, as amended, New York Human Rights Law and New York Executive Law by D.F. King & Co., Inc., (hereinafter referred to as "King") and against Defendant Thomas for intentional infliction of emotional distress.

### JURISDICTION and VENUE

2. The Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

satisfying the standard set forth by the United State Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

3. The United States District Court for the Southern District of New York has original subject jurisdiction over this action pursuant to 28 U.S.C. §1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights. The Court may also maintain supplemental jurisdiction over the state law claims set forth herein pursuant to 28 U.S.C. §1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to the claims(s) within the Court's original jurisdiction that they form part of the same case or controversy.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b)(1) and 1391(b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff interviewed for employment within the Southern District of New York at the time of the illegal actions set forth herein).

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual with an address as set forth above.

7. Defendant King is a foreign business corporation incorporated in the state of Delaware with its principal place of business in the state of New York.

8. Defendant Gary Thomas (hereinafter referred as "Thomas") was a Vice-President with King and acted as an agent and/or employee of King.

9. At all relevant times herein, Defendant King acted by and through it agents,

servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the benefit of Defendants.

## PROCEDURAL and ADMINISTRATIVE REQUIRMENTS

10. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "9" with the same force and effect as if more fully set forth herein at length.

11. Plaintiff has satisfied the procedural and administrative requirements for proceeding under Title VII of Civil Rights Act of 1964 as follows:

   a. On or about October 31, 2006, Plaintiff filed a timely written charge of discrimination with the New York office of the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC");

   b. On or about February 15, 2007, the EEOC issued a determination on Plaintiff's EEOC charge a by issuing a right-to-sue letter;

   c. The instant action is timely because it is filed within 90 days of the aforesaid notices of dismissal and/or notices of right to sue.

## FACTUAL BACKGROUND

12. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "11" with the same force and effect as if more fully set forth herein at length.

13. Plaintiff was employed with King from June 2006 through October 2006.

14. During Plaintiff's employment with King, she was continuously sexually harassed by Thomas.

15. Thomas frequently made sexually offensive comments and inappropriately touched Plaintiff on numerous occasions.

16. Thomas told Plaintiff on one occasion that he had masturbated in his apartment

while thinking of Plaintiff. On another occasion, Thomas proposed taking Plaintiff on a vacation to the Poconos to spend time together, which Plaintiff rejected. When Plaintiff rejected his request, Thomas got upset and grabbed Plaintiff by the wrist and tried to pull her close to him.

17. Thomas was persistent in his advances and sexual harassment of Plaintiff, and Plaintiff continuously told Thomas that his comments were inappropriate and that she was not interested in him.

18. Plaintiff notified human resources at King about the actions of Thoma and about the hostile work environment that he created.

19. Ultimately, Plaintiff was forced to resign her position due to the hostile work environment at King and due to the embarrassment and anxiety that she would endure by continuing her employment.

## Count I
### Violations of Title VII of the Civil Rights Act of 1964
(Sexual Harassment – Hostile Work Environment)
-Against Defendant King-

20. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "19" with the same force and effect as if more fully set forth herein at length.

21. Plaintiff was sexually harassed in a pervasive and/or severe manner, creating a sexually hostile work environment.

22. Defendant King failed to take adequate safeguards against such harassment and ignored Plaintiff's requests for assistance.

23. These actions as aforesaid created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

## Count II
### Intentional Inflication of Emotional Distress
### -Against Defendant Thomas-

24. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "23" with the same force and effect as if more fully set forth herein at length.

25. In intentionally and willfully engaging in the foregoing acts toward Plaintiff, Defendant intentionally inflicted severe emotional distress upon Plaintiff, causing physical, mental and other negative impacts upon Plaintiff.

## Count III
### Violations of New York Executive Law § 296(1)
### (Sexual Harassment)
### -Against Defendant King-

26. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "25" with the same force and effect as if more fully set forth herein at length.

27. Pursuant to §296(1) of the New York Executive Law, it is an unlawful discriminatory practice for an employer and/or employee to discriminate against an employee because of sex, or creating a sexually hostile environment for which the employee is forced to endure.

28. Defendant "King" and "Thomas" have engaged in an unlawful discriminatory practice under §296(1) of the State Human Rights Law by failing to prevent sexuall harassment of the plaintiff and allowing a sexually hostile environment to be created and to occur.

29. As a result of Defendants' unlawful discriminatory practices, Plaintiff has suffered and will continue to suffer damages.

Count IV
<u>Violations of New York City Administrative Code § 8-107(a)</u>
(Sexual Harassment/Disability Discrimination/Retaliation)
-Against Defendant King-

30. Plaintiff repeats, reiterates and realleges each and every paragraph contained in numbers "1" through "29" with the same force and effect as if more fully set forth herein at length.

31. Pursuant to Chapters 1 through 7 of Title 8 of the Administrative Code of the City of New York, §8-101 et seq., it is unlawful discriminatory practice for any person, because of the sex of any individual, to discriminate against any such individual in compensation or in terms, conditions or privileges of employment, and to retaliate or discriminate against any person because she opposed any practice forbidden under this Article or because she filed a complaint, testified or assisted in any proceeding under this Article.

32. The actions of Defendants set forth herein constitute a violation of the Administrative Code of the City of New York, §8-101 et seq..

WHEREFORE, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be permanently enjoined from discriminating or retaliating against Plaintiff or any other present employees on any basis forbidden by state or federal law;

B. Defendants are to promulgate and adhere to a policy prohibiting the aforementioned discrimination;

C. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' illegal actions, including but not limited to back pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

D.  Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, humiliation, and punitive damages caused by Defendants' actions;

E.  Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future.

F.  Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

G.  Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

H.  Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

KARPF, KARPF & VIRANT

Adam C. Virant, Esq.
140 Broadway
46th Floor
New York, NY 10005
(212) 929-6030 phone
(212) 929-6123 fax

Dated: May 10, 2007