

**SULLIVAN & WORCESTER**

Sullivan & Worcester LLP
1290 Avenue of the Americas
New York, NY 10104

T 212 660 3000
F 212 660 3001
www.sandw.com

July 23, 2007



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-24-07

By FedEx

Hon. P. Kevin Castel,
  United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED**



RECEIVED
JUL 24 2007
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

      Re:    Johnson v. D.F. King & Co., 07 Civ. 3829 (PKC) (S.D.N.Y.)

Dear Judge Castel:

    This firm represents the defendants in the above-captioned matter. I write to seek leave to make a motion directed to the complaint. Defendants would be prepared to move by July 27. The basis of the motion is as follows:

    The complaint names D.F. King & Co. and Gary Thomas as defendants. The complaint purports to state claims for relief against D.F. King for sexual harassment/hostile work environment. The claims are brought pursuant to Title VII, New York State Executive Law, and the New York City Administrative Code. The single claim against Mr. Thomas is a common law claim for the intentional infliction of emotional distress. None of the claims meets the pleading requirements for relief.

    Preliminarily, plaintiff was not employed by D.F. King & Co., rather she was employed by King TeleServices LLC.

    Second, while the complaint alleges a few incidents involving plaintiff and Mr. Thomas, it does meet the burden for a hostile environment claim. "[S]exual harassment is actionable under Title VII only if it is 'so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment.'" Clark County School District v. Breeden, 532 U.S. 268, 270 (2001) (quoting Faragher v. Boca Raton, 524 U.S. 775, 786 (1998)). Accord, Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 752 (1998) (only harassing conduct that is "severe or pervasive" can produce a "constructive alteratio[n] in the terms or conditions of employment"); Oncale v. Sundowner Offshore Services, Inc., 523 U.S. 75, 81 (1998) (Title VII "forbids only behavior so objectively offensive as to alter the 'conditions' of the victim's employment"). The analysis is the same under state and city law. See Weinstock v. Columbia Univ., 224 F.3d 33, 42 n.1 (2d Cir. 2000); Batka v. Prime Charter, Ltd., 301 F. Supp. 2d 308, 313 (S.D.N.Y. 2004).

Hon. P. Kevin Castel,
 United States District Judge
Page 2
July 23, 2007

   The complaint is devoid of even the minimal facts necessary to support to the claim.  See Godineaux v. Laguardia Airport Marriott Hotel, 460 F. Supp. 2d 413, 422 (E.D.N.Y. 2006) (where defendant "hissed at him, told Plaintiff, 'you know you want this butt,' licked the cream cheese on his bagel suggestively in front of Plaintiff, told Plaintiff he'd give Plaintiff stock tips if Plaintiff would sleep with him, and attempted to kiss Plaintiff."); DeSimone v. JP Morgan/Chase Bank, 02 Civ. 7039 (RPP), 2004 U.S. Dist. LEXIS 25621, *19-20 (S.D.N.Y. 2004) (where defendant "asked [plaintiff] out for drinks and dinner repeatedly, despite being rejected each time …; he frequently used the word "fuck" when speaking with her …; he leered and stared at her body during their encounters in the office …; he referred to female co-workers as "eye candy"); Lucas v. South Nassau Communities Hosp., 54 F. Supp. 2d 141 (S.D.N.Y. 1998) (where among other inappropriate touching and comments, defendant asked on two or three occasions the color of plaintiff's underwear); Polimeni v. Am. Airlines, Inc., CV 92 5702 (RJD), 1996 U.S. Dist. LEXIS 22883, *2 (E.D.N.Y. 1996) (where among other offensive incidents, defendant told plaintiff "I need to be fucked and touched" while defendant shook plaintiff by the arm and brushed against her breast).  In all of these cases, the facts were insufficient to support a hostile work environment claim.

   Third, the claim against Mr. Thomas should be dismissed for two reasons:  First, there is not diversity between plaintiff and Mr. Thomas (indeed the caption of the complaint recites that they reside at the same street address).  In the absence of a valid federal claim, the Court should decline to exercise jurisdiction over a dispute between two New Jersey citizens.

   In addition, taken on its own, the claim against Mr. Thomas is insufficient.  The elements of a claim for intentional infliction of emotion distress include:  (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress.  Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999).  To be extreme and outrageous, the conduct in question must "go beyond all possible bounds of decency" and be "utterly intolerable in a civilized society." Id.  The facts recited in the complaint do not meet this standard.

   For the reasons stated above, defendants respectfully request leave to move against the complaint.

                 Respectfully submitted,

                 George O. Richardson, III
                 (GR9817)

cc(via e-mail): Adam C. Virant, Esq.,
       Counsel for plaintiff

*[Handwritten annotation: I will address defendants' request to file a motion to dismiss at the conference to be held on July 27 at 2:45pm. Direct defendant's counsel to fax a letter to Chambers by July 26 at 10:00am explaining how the proposed motion is consistent with Swierkiewicz v. Sorema N.A., 534 US 506, 512 (2002)]*

N0091539v